FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD D. GAMINO, | No. 1:18-CV-03009-SMJ |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION** |
| MOUNTAIN PACIFIC MACHINERY, INC., | |
| Defendant. | |

Before the Court, without oral argument, are Defendant's duplicate motions for reconsideration, ECF Nos. 38 & 39.[1] Plaintiff opposes.[2] ECF No. 40.

Motions for reconsideration are generally disfavored, but are appropriately granted if the Court "committed clear error or the initial decision was manifestly unjust." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Or, the Court may be "presented with newly discovered evidence" or "an intervening

---

[1] The motions are timely. *See* ECF No. 19 at 8.
[2] While the Court does not permit any responses to be filed unless expressly requested, the Court finds it appropriate to consider the response here because the Court would have requested it. Plaintiff's counsel is directed, nonetheless, to be mindful of the Court's procedures. *See id.*

ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION - 1

change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Defense counsel explains that he only agreed to stipulate to the Plaintiff's requested extension for the rebuttal experts deadline with the expectation and discussion that Defendant would also have an opportunity to do so. ECF No. 38 at 2. However, Plaintiff failed to address Defendant's rebuttal experts in the parties' "joint" motion. *See* ECF No. 29. Plaintiff's counsel, on the other hand, contends he never agreed to an extension of the defense's initial expert witness deadline, which had already passed, nor did he agree to add a defense rebuttal expert deadline. ECF No. 40 at 3–4.

Defense counsel also explains that Plaintiff's counsel failed to produce requested discovery that prevented defense counsel from timely designating expert witnesses. ECF No. 38. Plaintiff's counsel asserts it is his first time being informed of an alleged failure to disclose discovery, and denies failing to produce. ECF No. 40. In either case, the alleged failure to produce discovery occurred on October 23, 2018, when defense counsel contacted Plaintiff's counsel requesting Plaintiff's prior medical records. ECF No. 40. This is nearly two months after Defendant's initial expert disclosure deadline, and subsequent to the Court's order denying Defendant's Motion for Extension of Time. ECF No. 34. Defense counsel fails to justify why his request, if indeed relevant to expert testimony, was dilatory.

ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION - 2

1    Having reviewed the pleadings and the file in this matter, the Court is fully

2  informed and denies the motions. Defendant presents no newly discovered evidence

3  or change in controlling law. Moreover, the initial decision does not appear to be

4  manifestly unjust, as defense counsel failed to exercise due diligence in (1) reading

5  the scheduling order and its dates and deadlines, (2) properly opposing Plaintiff's

6  motion for an extension if he disagreed with the motion's request for relief, and (3)

7  requesting relevant discovery prior to any deadlines that may be affected by such

8  discovery.

9    Accordingly, **IT IS HEREBY ORDERED**:

10   Defendant's duplicate motions for reconsideration, **ECF Nos. 38 &**

11   **39**, are **DENIED**.

12   **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

13  provide copies to all counsel.

14   **DATED** this 6th day of November 2018.

15   _____
     SALVADOR MENDOZA, JR.

16   United States District Judge

17

18

19

20

ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION -
3